IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* FLOYD LANDIS,<br><br>　　Plaintiffs,<br><br>v.<br><br>TAILWIND SPORTS CORPORATION,<br>*et al.,*<br><br>　　Defendants.<br>_____ | )<br>)<br>)<br>)　No. 1:10-cv-00976-CRC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RELATOR'S MOTION TO CERTIFY ORDERS FOR
INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)**

Pursuant to 28 U.S.C. § 1292(b), relator respectfully moves the Court to certify for interlocutory review its June 19, 2014 Memorandum Opinion and June 27, 2014 Order thereon (ECF 174 & 184) and its June 8, 2016 Opinion and Order (ECF 524) on the question of whether the tolling provision of the False Claims Act's statute of limitations, 31 U.S.C. § 3731(b)(2), should apply equally to the claims against all defendants in this partially-intervened action. Interlocutory appeal under section 1292(b) is appropriate because this discrete legal issue involves a controlling question of law, is the subject of substantial difference of opinion within this district and among other circuit and district courts, and is of material importance to the advancement of this litigation. Relator also requests that the Court amend its June 27, 2014 and June 8, 2016 Orders to state that the necessary conditions for interlocutory review under section 1292(b) have been met.

Pursuant to Local Civil Rule 7(m), counsel for relator has conferred with counsel for the United States who stated that the United States takes no position on the motion. Counsel for defendants Capital Sports and Entertainment Holding, Inc., William

1

Stapleton and Bart Knaggs oppose the motion. Counsel for defendant Armstrong has not yet advised relator of defendant Armstrong's position.

In support of this Motion, relator respectfully refers the Court to the Memorandum of Points and Authorities attached hereto.

Dated: February 28, 2017                     Respectfully submitted,

_____/s/_____
Paul D. Scott
pdscott@lopds.com
California State Bar No. 145975
Admitted *Pro Hac Vice*

_____/s/_____
Lani Anne Remick
laremick@lopds.com
California State Bar No. 189889
U.S.D.C. No. PA0045
Jon L. Praed
U.S.D.C. No. 450764
D.C. Bar No. 51665
LAW OFFICES OF PAUL D. SCOTT, P.C.
453 Pacific Avenue, Suite 200
San Francisco, California 94133
Tel: (415) 981-1212
Fax: (415) 981-1215

Attorneys for Relator Floyd Landis

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* FLOYD LANDIS, <br><br>  Plaintiffs, <br><br> v. <br><br> TAILWIND SPORTS CORPORATION, *et al.*, <br><br>  Defendants. | ) ) ) ) No. 1:10-cv-00976-CRC ) ) ) ) ) ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RELATOR'S MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)**

**I.    INTRODUCTION**

This False Claims Act case involves 41 claims for $32,267,279.85 million in payments submitted to the United States Postal Service for sponsorship of a cycling team. ECF 547, Memorandum Opinion [on Motions for Summary Judgment] at 14.  The remaining active intervened defendant in the case is Lance Armstrong. *Id.* at 9.  The remaining active non-intervened defendants are Armstrong's agents and managers of the cycling team, Capital Sports and Entertainment Holdings, Inc. ("CSE"), Bill Stapleton and Bart Knaggs (collectively, the "CSE Defendants").  *Id.*  Extensive evidence demonstrates that the CSE Defendants were aware of the team's doping but nevertheless caused the submission of false claims to the USPS in direct violation of material provisions of the contract with the United States.  *See, e.g.,* ECF 457 (sealed) & 458 (redacted).

The Court has previously held that the tolling provision of the FCA's statute of limitations, 31 U.S.C. § 3731(b)(2), does not apply to relator's claims against the CSE Defendants, because the United States has thus far failed to intervene against those

1

defendants.  ECF 174, Memorandum Opinion at 26-30.  The Court also denied relator's motion for reconsideration of this issue.  ECF 524.  As a result, in the trial of this matter, defendant Armstrong will face potential liability for the full $32 million in false claims submitted within <u>ten</u> years of relator bringing this action, while the CSE Defendants will only face potential liability for false claims submitted within <u>six</u> years of June 10, 2010, *i.e.,* four claims totaling approximately $68,000.

In April 2016, the CSE Defendants moved for summary judgment on the remaining claims against them.  ECF 512.  The Court denied that motion in relevant part on February 13, 2017, *see* ECF 547, then set this case for trial on November 6, 2017.  ECF 552, Pretrial Conference Order.

By this motion, pursuant to 28 U.S.C. § 1292(b), relator seeks interlocutory review of the Court's decisions that tolling does not apply to relator's claims against the CSE Defendants, specifically the Court's Memorandum Opinion (ECF 174) and Order (ECF 184) on defendants' motions to dismiss, and the Court's Opinion and Order (ECF 524) on relator's motion for reconsideration.  As detailed below, the issue is the subject of a substantial difference of opinion among courts in this district and elsewhere.  Moreover, it would be highly inefficient for the Court, the jury, and the parties if the case were to proceed through a full trial of this matter on the premise that the CSE Defendants were only potentially liable for $68,000 in claims, rather than $32 million, then have to repeat the entire exercise after a later appeal.  Accordingly, relator respectfully requests that the Court grant his motion to certify for interlocutory review the Court's Orders regarding whether the False Claims Act's statute of limitations should be applied equally to the claims against all defendants in this partially-intervened case.

II. **STANDARD FOR GRANTING INTERLOCUTORY REVIEW UNDER 28 U.S.C. § 1292(b)**

Section 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference

2

of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Thus, as this Court reiterated in a recent opinion, "[t]he Court may permit a party to pursue an interlocutory appeal if, in its discretion, it determines that a non-final order '[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Kennedy v. Dist. of Columbia*, 145 F. Supp.3d 46, 51 (D.D.C. 2015) (quoting 28 U.S.C. § 1292(b)).

"The party seeking interlocutory review has the burden of persuading the Court that the 'circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Id.* (citing *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003) (quoting *In re Vitamins Antitrust Litig.*, No. 99-197, 2000 WL 33142129, at *1 (D.D.C. Nov. 22, 2000)). *See also Ockerman v. May Zima & Co.*, 785 F. Supp. 695, 706-707 (M.D. Tenn. 1992) (court certified question of which state statute of limitations should be borrowed in Rule 10b-5 action, holding that seven-year-old securities fraud case involving $5.5 million bond was exactly the type of "protracted and expensive litigation" in which "the authors of [section 1292] intended it to be used").

**III.   ARGUMENT**

   **A.   The requested appeal involves a "controlling question of law."**

The question of whether tolling applies to relator's claims against the CSE Defendants is unequivocally just a question of law. *Elkins v. D.C.*, 685 F.Supp.2d 1, 8 n. 2 (D.D.C. 2010) ("A question of law is an 'abstract legal issue or what might be called one of "pure" law, matters the court of appeals "can decide quickly and cleanly without having to study the record."'") (citations omitted). A controlling question of law

3

"is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002) (quoting *In re Vitamins Antitrust Litigation*, Civ. A. No. 99-197, 2000 WL 673936 at *2 (D.D.C. Jan. 27, 2000)).  A decision on the applicable statute of limitations meets this standard.

### B.     "Substantial ground for difference of opinion" exists.

A substantial ground for difference of opinion exists where "[j]udges on this Court have reached different conclusions" on an issue of law.  *AF Holdings LLC v. Does 1- 1,058*, 286 F.R.D. 39, 63 (D.D.C. 2012) (certifying issue for interlocutory appeal).  *See also Graham v. Mukasey*, 608 F.Supp.2d 56, 57 (D.D.C. 2009) (party failed to show substantial ground for difference of opinion where party did not "show the existence of any split in this district or this circuit regarding any controlling issue of law"); *Nat. Cmty. Reinvestment v. Accredited Home Lenders*, 597 F.Supp.2d 120 (D.D.C. 2009) (certification denied where "defendants have not demonstrated that there is a split within this district on this issue").  In fact, this Court recently held that the "substantial ground for difference of opinion" prong is satisfied when "there *may be* a substantial difference of opinion among judges whether [the Court's decision] is correct."  *Kennedy v. Dist. of Columbia*, 145 F. Supp.3d at 52 (emphasis added) (quoting *Mwani v. Bin Laden*, 947 F. Supp. 2d 1, 5 (D.D.C. 2013)).

Here, there is *already* a clear split within this district as to proper interpretation of section 3731(b)(2).  Specifically, Judge Lamberth ruled in *United States ex rel. Pogue v. Diabetes Treatment Centers*, 474 F. Supp. 2d 75, 81-89 (D.D.C. 2007) and *United States ex rel. Miller v. Bill Harbert Int'l Constr.*, 505 F. Supp. 2d 1, 3 (D.D.C. 2007) that tolling applies to declined claims, *see also United States ex rel. Sansbury v. LB&B Associates, Inc.*, 58 F. Supp. 3d 37 (D.D.C. 2014) (Sullivan, J.) (reinforcing the view espoused by Judge Lamberth that the FCA's tolling provision should be applied equally to the United States and relators), while this Court and others within the district have ruled the opposite

4

way.  *See* ECF 524, Opinion and Order at 7 (citing three additional D.D.C. cases holding that tolling does not apply to relators).

This Court has also recognized that the issue would be one of first impression for the D.C. Circuit and there is a split of authority among other circuits that have considered it.  *See* ECF 174, Memorandum Opinion at 27-28 (noting Circuit split and adopting majority approach).  In addition, as the parties' previous briefing illustrates, there is a split of authority among district courts in circuits that have not yet ruled on the issue.[1] This disagreement among the circuits and other courts further illustrates that a substantial ground for difference of opinion exists.  *See AF Holdings, LLC*, 286 F.R.D. at 63 ("A substantial ground for difference of opinion is often established when there are conflicting decisions by other courts.") (citations omitted).

### C. An immediate appeal "may materially advance the ultimate termination of the litigation."

As discussed in the recent conference with the Court, all parties currently predict that the trial in this matter will require a substantial expenditure of time.  In the event of a reversal on the FCA tolling issue after full trial and appeal, the case against the CSE Defendants would have to be retried in order to determine their liability, if any, in connection with the $32 million in claims submitted after June 10, 2000 (rather than just the $68,000 submitted after June 10, 2004).  Certifying the issue for appeal now would thus "materially advance the ultimate termination of the litigation" in that it would eliminate the possibility of a retrial on this known disputed question.  *APCC Servs., Inc.*

---

[1] For example, as relator noted in his opposition to defendants' motions to dismiss, the following district courts have ruled that the FCA's tolling provision applies to relators:  *U.S. ex rel. Ven-a-Care v. Actavis Mid Atlantic LLC*, 659 F. Supp. 2d 262, 273 (D. Mass. 2009) (Saris, J.); *U.S. ex rel. Repko v. Guthrie Clinic, P.C.*, 557 F. Supp. 2d 522 (M.D. Pa. 2008); *U.S. ex rel. Lewis v. Walker*, No. 3:06-CV-16 (CDL) (M.D. Ga. September 14, 2007); *U.S. ex rel. Salmeron v. Enter. Recovery Sys. Inc.*, 464 F. Supp. 2d 766, 769 (N.D. Ill. 2006); *U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 777 F. Supp. 195, 204-05 (N.D.N.Y. 1991).  *See* ECF 107 at 41 n. 29 & ECF 115 at 11 n.7.  *But see* ECF 94 at 9-10 (CSE Defendants' memorandum in support of their motion to dismiss citing district court cases to the contrary).

*v. Sprint Commc'ns Co.*, 297 F. Supp. 2d at 109 (material advancement prong satisfied where "[a]n immediate appeal would conserve judicial resources and spare the parties from possibly needless expense if it should turn out that this Court's rulings are reversed"); *see also Howard v. Office of Chief Admin. Officer of U.S. House of Reps.*, 840 F. Supp. 2d 52, 57 (D.D.C. 2012) (fact that another trial would be potentially be required in the event Court's opinion was reversed weighed in favor of conclusion that section 1292(b)'s "material advancement" prong was satisfied), *cited in Kennedy v. Dist. of Columbia*, 145 F. Supp. 3d at 52.

In addition, trial has recently been set for November, more than eight months from now. Given that the issue relator seeks to certify is a discrete legal question, the D.C. Circuit could decide the issue, if it so chose, before the currently-scheduled trial date.

Finally, "[r]esolution of this question would also assist many other courts in resolving similar disputes." *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d at 109. As the seat of the federal government, the District of Columbia is the venue for a large number of False Claims Act cases. Indeed, as discussed above, the issue has already come up in at least six reported cases in this district, with varying results. Moreover, several circuits have yet to consider the issue. Resolution of this issue by the D.C. Circuit will thus assist in applying the statute of limitations correctly in future cases in this district as well as providing persuasive authority in cases in other jurisdictions where the issue has not been decided at the circuit level.

### D. Relator's application is timely.

Section 1292(b) contains no limitation as to when an application may be brought in the district court, thus providing flexibility to allow appeal at an appropriate time to achieve maximum judicial efficiency.[2] In the instant case, relator's claims were initially

---

[2] Indeed, Federal Rule of Appellate Procedure 5(a)(3) specifically contemplates that an earlier order might subsequently be amended to include the statement prescribed in section 1292(b) and that "[i]n that event, the time to petition runs from the amended

6

reduced to $68,000 by the Court's January 12, 2016 Order reversing Judge Wilkins' previous decision and dismissing relator's reverse false claims cause of action against the CSE Defendants (which potentially would have encompassed the entire amount paid by the United States). *See* ECF 474 & 475 (Memorandum Opinion and Order granting in part the CSE Defendants' motion for summary judgment). Following this decision, relator moved for reconsideration of the Court's earlier decision on the tolling question. That motion was denied by the Court's Order of June 8, 2016. ECF 524.

At that point, however, the CSE Defendants had already moved for summary judgment again as to relator's remaining non-intervened claims, on grounds other than the statute of limitations. *See* ECF 512. Had the CSE Defendants' summary judgment motion been granted in full, the non-intervened claims would not be going to trial and there would have been no need for an immediate appeal of the statute of limitations issue. Instead, however, the motion was granted in part and denied in part on February 13, 2017, with relator's claims against the CSE Defendants based on the four false claims for $68,000 surviving for trial. *See* ECF 547 & 548. Relator raised the issue of an interlocutory appeal of the statute of limitations tolling issue promptly thereafter at the parties' conference call with the Court on February 21. In short, consistent with section 1292(b) and Appellate Rule 5(a)(3), relator's motion was brought promptly once it was clear that the need for an immediate appeal of the statute of limitations issue would not be obviated by the Court's ruling on summary judgment.

Relator recognizes that trial is currently scheduled for approximately eight months from the date of this motion, but that is more than adequate time for the Court of Appeals to address the discrete legal issue presented here if it so chooses. Relator has met the

---

order." FRAP 5(a)(3). "This latitude makes it possible to . . . defer[] the question of [interlocutory] appeal until it is clear that prompt appeal is apt to be useful." 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3929 (3d ed. Jan 2017 update) (citing as an example that immediate appeal of a ruling concerning an important defense might "prove wasteful" if it were later determined, for example, that there was no jurisdiction or that plaintiff had failed to state a claim, but that "following the disposition of the other questions, however, prompt appeal might prove highly useful").

statutory standard necessary for certification by this Court and respectfully requests that the Court of Appeal be given the opportunity to exercise its discretion, in turn, as to whether it wishes to accept the proposed interlocutory appeal.  *See* 28 U.S.C. § 1292(b).

## IV. CONCLUSION

Based on the foregoing, relator respectfully requests that the Court certify for interlocutory appellate review its Orders on the application of the tolling provision of the FCA's statute of limitations to relator's claims against the CSE Defendants in this partially-intervened case, and amend such Orders to state that the necessary conditions for interlocutory review under 28 U.S.C. § 1292(b) have been met.

Dated:  February 28, 2017             Respectfully submitted,

_____/s/_____
Paul D. Scott
pdscott@lopds.com
California State Bar No. 145975
Admitted *Pro Hac Vice*

_____/s/_____
Lani Anne Remick
laremick@lopds.com
California State Bar No. 189889
U.S.D.C. No. PA0045
Jon L. Praed
U.S.D.C. No. 450764
D.C. Bar No. 51665
LAW OFFICES OF PAUL D. SCOTT, P.C.
453 Pacific Avenue, Suite 200
San Francisco, California 94133
Tel: (415) 981-1212
Fax: (415) 981-1215

Attorneys for Relator Floyd Landis